```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 08/31/2020
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
UNITED STATES OF AMERICA                   :
                                           :
            -against-                      :     16-CR-82 (VEC)
                                           :
CHRISTOPHER WHITE, MICHAEL                 :     MEMORANDUM
SANTIAGO, KENNETH SMITH, and STEPHEN       :     OPINION AND ORDER
SMITH,                                     :
                                           :
               Petitioners-Defendants.     :
------------------------------------------------------------ X

VALERIE CAPRONI, United States District Judge:

Christopher White, Michael Santiago, Kenneth Smith, and Stephen Smith filed separate but largely identical petitions pursuant to 28 U.S.C. § 2255 to vacate their convictions for violating 18 U.S.C. § 924(c). Relying on *United States v. Davis*, 139 S. Ct. 2319 (2019), which held that the so-called "residual clause" of 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague, Petitioners argue that their § 924(c) convictions are invalid because they were predicated on a conspiracy to commit Hobbs Act robbery, which is no longer a crime of violence. *See id.* at 2324. Because each of their convictions was also based on Hobbs Act robbery, which remains a crime of violence, these petitions must be dismissed.

## I.    BACKGROUND

Each Petitioner pleaded guilty to at least two counts of a superseding indictment that charged them with conspiring to and participating in gunpoint robberies of armored car operators.[1] At issue in these petitions are Petitioners' convictions under Count Five, which

---

[1] The Superseding Indictment contained five counts: one count of conspiracy to commit Hobbs Act robbery (Count One), in violation of 18 U.S.C. § 1951; three counts of Hobbs Act robbery (Counts Two, Three, and Four), in violation of 18 U.S.C. §§ 1951; and one count of use, carrying, and possession of a firearm, which was brandished and discharged, in connection with crimes of violence (Count Five), in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii)–(iii). *See* S1 Indictment ¶¶ 1–5 (Dkt. 27). Counts Two through Five are also premised on an aiding and abetting theory, 18 U.S.C. § 2.

charged the use (or the aiding and abetting the use of) a firearm in connection with the "the robbery conspiracy charged in Count One . . . and the robberies charged in Counts Two through Four." S1 Indictment ¶ 5 (Dkt. 27).

In pretrial proceedings, Petitioners moved to dismiss Count Five, arguing that Hobbs Act robbery and Hobbs Act robbery conspiracy do not constitute crimes of violence as that term is used in 18 U.S.C. § 924(c). Petitioners claimed that the Supreme Court's decision in *Johnson v. United States*, 576 U.S. 591, 593 (2015), which invalidated the residual clause definition of "violent felony" contained in the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B), also applied to the definition of "crime of violence" contained in 18 U.S.C. § 924(c). Mot. to Dismiss Count Five (Dkt. No. 58); *see also* Order on Mots. to Join Mot. to Dismiss (Dkt. 60). This Court denied the motion to dismiss, concluding that, in light of the then-settled precedent of this circuit, as well as the reasoning reflected in *United States v. Pena*, 161 F. Supp. 3d 268 (S.D.N.Y. 2016), Hobbs Act robbery and Hobbs Act robbery conspiracy remained predicate crimes of violence under § 924(c). Order (Dkt. 65). Following denial of their motions to dismiss, each of the Petitioners pleaded guilty pursuant to a plea agreement and allocuted, as part of their pleas, to participating in at least one robbery and using (or aiding and abetting the use of) a firearm in connection with the robbery.[2]

Petitioners have moved to vacate their § 924(c) convictions (Count Five) pursuant to *Davis*, 139 S. Ct. at 2324, which invalidated one aspect of § 924(c)'s two-part definition of a "crime of violence." *See* Santiago Pet. (Dkt. 220); Stephen Smith Pet. (Dkt. 226); Kenneth Smith Pet. (Dkt. 231); White Pet., 19-CV-9086 (Dkts. 1, 17).

---

[2]   *See* White Plea Tr. (Dkt. 89); White Supp. Plea Tr. (Dkt.160); Santiago Plea Tr. (Dkt. 252); Santiago Suppl. Plea Tr., (Dkt. 169); Kenneth Smith Plea Tr. (Dkt. 83); Kenneth Smith Suppl. Plea Tr. (Dkt. 197); Stephen Smith Plea Tr. (Dkt. 81); Stephen Smith Supp. Plea Tr. (Dkt. 145).

## II.     DISCUSSION

Section 924(c) imposes a mandatory, consecutive sentence for "any person who, during and in relation to any crime of violence . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm." 18 U.S.C. § 924(c)(1)(A). Section 924(c)(3) defines "crime of violence" as a felony that:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). The two clauses are defined in the alternative, with the former commonly referred to as the "elements clause" or "force clause" and the latter as the "residual clause." *See Davis*, 139 S. Ct. at 2324; *United States v. Hill*, 890 F.3d 51, 53 (2d Cir. 2018).

In *Davis*, the Supreme Court struck down the residual clause as unconstitutionally vague, while retaining the elements clause as the sole definition of what constitutes a crime of violence for purposes of § 924(c). Thereafter, in *United States v. Barrett*, the Second Circuit held that a defendant's "conviction for using a firearm in committing Hobbs Act robbery *conspiracy* must be vacated because the identification of that crime as one of violence depends on the § 924(c)(3)(B) residual clause definition, which *Davis* has now pronounced unconstitutionally vague." 937 F.3d 126, 128 (2d Cir. 2019) (emphasis in original).

Petitioners Santiago, Kenneth Smith, and Stephen Smith claim that their § 924(c) convictions are solely predicated on Hobbs Act robbery conspiracy, which is no longer a crime of violence, and, therefore, their convictions must be vacated. *See* Santiago Pet. at 2–3; Stephen Smith Pet. at 2; Kenneth Smith Pet. at 2. They also argue that, because the Hobbs Act robbery charges were dismissed as part of their plea agreement, those offenses cannot be relied upon as

3

alternative predicates for their § 924(c) convictions. *See* Santiago Reply (Dkt. 244) at 3–4; Stephen Smith Reply (Dkt. 241) at 2; Kenneth Smith Reply (Dkt. 242) at 1. Alternatively, Santiago and White contend that, even if their § 924(c) convictions are predicated on Hobbs Act robbery, Hobbs Act robbery does not satisfy § 924(c)'s elements clause and therefore cannot serve as a predicate for a § 924(c) conviction. *See* Santiago Reply at 5; White Reply (Dkt. 246) at 9–11.

In opposition, the Government argues that (1) Petitioners' claims are procedurally defaulted and (2) Petitioners' convictions on Count Five are predicated not only upon their participation in a Hobbs Act robbery conspiracy but also upon their commission of Hobbs Act robberies, which, the Government contends, remain crimes of violence post-*Davis*. *See* Opp. as to Michael Santiago, Kenneth Smith, Stephen Smith ("Opp. I") (Dkt. 237) at 1–2; Opp. as to Christopher White ("Opp. II") (Dkt. 245) at 2. As set forth below, Petitioners' claims fail on the merits; the Court therefore declines to address whether the claims are procedurally defaulted.[3]

**A.     A § 924(c) Conviction May Rest on a Predicate Offense for Which the Defendant Was Not Convicted.**

Petitioners Stephen Smith, Kenneth Smith, and Santiago claim that Hobbs Act robbery cannot serve as the predicate crime of violence for their § 924(c) convictions, because those charges were dismissed as against them.[4] This argument has no merit and is squarely foreclosed

---

[3] The Government claims that, because Petitioners failed to raise their claims on direct appeal, they have forfeited their rights to raise these claims on collateral review. *See* Opp. I at 8; Opp. II at 6. Procedural default need not be addressed here, as the Court has repeatedly held, "that in the habeas context, a procedural default . . . is not a jurisdictional matter." *Trest v. Cain*, 522 U.S. 87, 89 (1997) (citations omitted); *Kuhali v. Reno*, 266 F.3d 93, 101 (2d Cir. 2001) ("It is well-settled that the doctrine of procedural default is prudential rather than jurisdictional in nature.") (citation omitted). As discussed below, Petitioners' claims fail on their merits and can be disposed of on those grounds alone.

[4] White does not, and cannot, advance this argument because he pleaded guilty to Count Three of the Superseding Indictment, which charged Hobbs Act robbery. White Plea Tr. 5:5–11 (Dkt. 89).

by settled law in this circuit. As noted in *Johnson v. United States*, "a conviction under 18 U.S.C. § 924(c) requires legally sufficient proof that the predicate crime of violence . . . was committed, but does not require a conviction for that predicate crime." 779 F.3d 125, 126 (2d Cir. 2015).[5]

Thus, Hobbs Act robbery may serve as a predicate for Petitioners' § 924(c) convictions even though Petitioners (other than White) were not convicted of robbery.

**B.      Petitioners' § 924(c) Convictions Can Be Predicated on Their Commission of Hobbs Act Robbery.**

**1.   Hobbs Act robbery remains a crime of violence under the elements clause.**

Although *Davis* struck down § 924(c)'s residual clause as unconstitutionally vague, Hobbs Act robbery remains a crime of violence under § 924(c)'s elements clause. In *Hill*, the Second Circuit "agree[d] with all of the circuits to have addressed the issue . . . and [held] that Hobbs Act robbery 'has as an element the use, attempted use, or threatened use of physical force against the person or property of another.'" *Hill*, 890 F.3d at 60 (quoting 18 U.S.C. § 924(c)(3)(A)).

Although *Hill* was decided before *Davis*, the Second Circuit has repeatedly reaffirmed the vitality of *Hill* post-*Davis*. In its summary order in *United States v. Walker*, the court stated, "[o]ur prior holding in *United States v. Hill*, that substantive Hobbs Act robbery is a crime of violence under the elements clause of § 924(c)(3)(A), is unaffected by *Davis*, *Stokeling*, and *Barrett* and remains binding on us in this case." 789 F. App'x 241, 245 (2d Cir. 2019) (internal citations omitted); *see also United States v. Biba*, 788 F. App'x 70, 72 (2d Cir. 2019) ("[W]e have held that substantive Hobbs Act robbery qualifies as a 'crime of violence' under the

---

[5]      Indeed, "every [] circuit court to have considered the issue has concluded that § 924(c) does not require the defendant to be convicted of (or even charged with) the predicate crime, so long as there is legally sufficient proof that the predicate crime was, in fact, committed." *Johnson*, 779 F.3d at 129 (collecting cases).

elements clause.")."). Petitioners' reliance on the reasoning of a district court in another circuit cannot overcome binding authority of this circuit. *See* White Reply at 10 (citing *United States v. Chea*, 98-CR-20005, 2019 WL 5061085 (N.D. Cal. Oct. 2, 2019)).

Hobbs Act robbery thus remains a crime of violence under § 924(c)'s elements clause and may properly serve as a predicate offense for a § 924(c) conviction.

### 2. A conviction under § 924(c) with multiple predicates may survive even if one predicate is invalid.

Santiago, Kenneth Smith, and Stephen Smith's § 924(c) convictions rest on multiple predicates, one of which is invalid (Hobbs Act robbery conspiracy) and one of which is valid (Hobbs Act robbery). Accordingly, the Court must determine whether their convictions may be sustained based on the surviving predicate. For the § 924(c) conviction to survive, there must be an adequate factual basis in the record to establish that the defendant actually committed the alternative predicate offense.

Courts in the Second Circuit have consistently held that a § 924(c) conviction may survive even when one of multiple predicates has been invalidated. In *Walker* the defendants argued, like Petitioners here, that *Davis* invalidated their § 924(c) convictions, which were predicated on both Hobbs Act robbery and Hobbs Act robbery conspiracy. 789 F. App'x at 244–45. The Second Circuit disagreed, holding that the § 924(c) convictions rested on Hobbs Act robbery, which remains a valid predicate. *Id.* Similarly, in *Simmons v. United States*, the district court held that, "[w]hen a § 924(c) conviction rests upon both a conspiracy to commit Hobbs Act robbery and a separate valid § 924(c) predicate offense, the conviction remains valid, even after *Davis* and *Barrett*." No. 16-CV-4797, 2019 WL 6051443 at *2 (S.D.N.Y. Nov. 15, 2019).[6]

---

[6] At least one other circuit has reached similar conclusions. The Eleventh Circuit has held that, "[A]lthough [Defendant] pled guilty to conspiracy to commit Hobbs Act robbery and a § 924(c) violation, his plea agreement and

A § 924(c) conviction resting on multiple predicates does not automatically survive a *Davis* challenge, however.  The alternative predicate must be supported by a sufficient factual basis in the record, demonstrating that the defendant, in fact, committed the predicate offense.  *See Johnson*, 779 F.3d at 126, 129.  In *Biba*, for example, following a plea of guilty, the district court convicted defendant of conspiracy to commit two Hobbs Act robberies and brandishing a firearm in connection with one of the robberies in violation of § 924(c).  788 F. App'x at 71.  On appeal, the defendant challenged his § 924(c) conviction under *Davis* and *Barrett*.  *Id*.  The Government conceded that the defendant's § 924(c) conviction "cannot be based upon his guilty plea to a conspiracy to commit Hobbs Act robbery in light of *Davis* and *Barrett*" but argued that the § 924(c) conviction remained valid because the defendant "allocuted to attempted robbery during his plea to the conspiracy and firearms counts, and that such allocution provides a valid predicate 'crime of violence' for the purposes of his § 924(c) conviction."  *Id*. at 72.

The Second Circuit rejected the Government's argument because the record did not sufficiently establish that defendant's conduct constituted attempted robbery:

> [E]ven assuming arguendo that attempted Hobbs Act robbery remains a "crime of violence," we find the government's argument must fail because Biba did not allocute to the elements of attempted robbery during his guilty plea . . . .  [A]lthough he admitted that he *agreed* to be the get-away driver, Biba did not state at any point during his allocution that he *was* the get-away driver or that he took any step towards the commission of the robbery.  Accordingly, because Biba only allocated to a Hobbs Act robbery conspiracy as it relates to the § 924(c) count, Biba's § 924(c) conviction must be vacated under *Davis*, and Biba must be re-sentenced on the remaining counts of conviction.

*Id*. (emphasis in original) (citations omitted).  Thus, where a § 924(c) conviction rests on multiple predicates, one of which has been invalidated, the conviction may stand only if the

---

the attendant factual proffer more broadly establish that his § 924(c) charge was predicated both on conspiracy to commit Hobbs Act robbery and [a valid predicate offense]."  *In re Navarro*, 931 F.3d 1298, 1302 (11th Cir. 2019).

record factually establishes that the defendant committed another predicate offense that constitutes a "crime of violence" under the elements clause of § 924(c).

### 3. Petitioners allocuted to Hobbs Act robbery as a predicate § 924(c) offense.

Each Petitioner, during his plea allocution, admitted using, discharging, or possessing a firearm (or aiding and abetting the use, discharge, or possession thereof) in connection with or in furtherance of at least one Hobbs Act robbery. Petitioner White does not dispute that he committed a Hobbs Act robbery, or that a firearm was used, carried, or possessed in furtherance of that robbery. *See* White Pet. at 6–8. Nor could he. As discussed in note 4, *supra*, White pleaded guilty to Count Three, which charged him with Hobbs Act robbery, and Count Five, which charged a violation of § 924(c).

Although Santiago, Kenneth Smith, and Stephen Smith did not plead guilty to Hobbs Act robbery, their plea allocutions established that each Petitioner committed a Hobbs Act robbery and used a firearm (or aided and abetted the use of a firearm) in connection with the robbery.

Santiago admitted that he "knew that weapons would be used during the [armored car] robberies," and "drove the getaway car that contained other members of the conspiracy, weapons and cash" as part of the robbery that occurred on December 15th, 2015 (charged in Count Four). Santiago Plea Tr. at 12:17–23 (Dkt. 252). Stephen Smith admitted that he "participated in three gunpoint robberies of armored trucks," including on December 15, 2015, when he "forcibly took bags containing United States currency from an armored truck guard at gunpoint" and "fired the gun that [he] had used to commit the robbery." Stephen Smith Plea Tr. at 15:9–12; 15:16–18 (Dkt. 81). Similarly, Kenneth Smith admitted that he and his co-conspirators forcibly "attempt[ed] to rob property from someone else," and that a co-conspirator discharged a firearm during the incident. Kenneth Smith Plea Tr. at 15:14–16:23 (Dkt. 83); Kenneth Smith Suppl.

8

Plea Tr. 3:4-15 (Dkt. 197). He further admitted that after the first of several robberies, he knew that one of the other robbers would be armed with a firearm during the robbery.[7] *Id*.

Based on the record before the Court, there is an adequate factual basis to support a finding that each Petitioner committed Hobbs Act robbery, which may then be relied upon as the predicate offense for Petitioners' § 924(c) convictions. The use of Hobbs Act robbery as a predicate in this case is, therefore, both factually and legally supported. Accordingly, Petitioners' motions to vacate their convictions must be denied.

### III. CONCLUSION

For the foregoing reasons, Petitioners Michael Santiago, Kenneth Smith, Stephen Smith, and Christopher White's petitions to vacate their convictions for violating 18 U.S.C. § 924(c) are DENIED.

The Clerk of Court is respectfully directed to terminate the pending motions at docket entries 219, 224, 229, and 241. The Clerk is further directed to terminate all pending motions and deadlines in 19-CV-9086 and close the case.

**SO ORDERED.**

Date: August 31, 2020  
New York, New York

VALERIE CAPRONI  
**United States District Judge**

---

[7] Although the plea allocutions establish that only one petitioner, Stephen Smith, possessed and used a gun during the robberies, White, Santiago, and Kenneth Smith are nonetheless guilty of violating § 924(c) as an aider and abettor. *See* S1 Indictment ¶ 5. To establish that a defendant aided and abetted a § 924(c) violation, the Government must prove that "the defendant actively participated in the underlying . . . violent crime with advance knowledge that a confederate would use or carry a gun during the crime's commission." *Rosemond v. United States*, 572 U.S. 65, 67 (2014); *see also United States v. Prado*, 815 F.3d 93, 101–02 (2d Cir. 2016) ("[T]he jury must find that the defendants had advance knowledge of the gun at a time that they could have chosen not to participate in the crime."). White, Santiago, and Kenneth Smith sufficiently allocuted to advance knowledge that a firearm would be used during the robberies and are, therefore, guilty of violating § 924(c) on an aiding and abetting theory. *See* Santiago Suppl. Plea Tr. 3:2–8 (Santiago allocuting that he knew "before [he] set out that morning that one of the [other robbers] had a gun"); White Plea Tr. 12:6–7 ("I knew that one member of the group had a gun that day and was going to use it in the robbery."); Kenneth Smith Suppl. Plea Tr. 3:4–15 (allocuting that he became aware that co-conspirators would wield firearms after the first of several robberies in which a firearm was used).